COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-314-CR

 

 

GERALD WAYNE SERGENT A/K/A                                          APPELLANT



MICHAEL A. SERGENT                                                                         

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Gerald Wayne Sergent a/k/a Michael A. Sergent of aggravated robbery and
assessed his punishment at eight years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  In two points,
Appellant contends that the evidence is legally and factually insufficient to
support his conviction.  Because we hold
that the evidence is sufficient, we affirm the trial court=s judgment.

Appellant was charged as a
principal and a party.  Appellant=s written confession, dated and signed February 15, 2004 and admitted
into evidence, provides,

Yesterday
I was out with [a] female friend.  I do
not know her name.  She wanted some
items[,] but we did not have any money with us. 
We went to the Dollar Store on E. Rosedale.  My friend grabbed some panties and
bra[s].  She put the stuff under her
shirt.  I was just looking around.  We then walked out [of] the store.  When we walked out [of] the store[,] I heard
some footsteps coming from behind us.  It
was dark[,] and I turned around and saw a Spanish guy coming up.  I said to him[,] A[W]hat
are you doing[?]@  He said something[,] but I do not
remember.  He kept coming.  I had a small knife with me.  It was [a] kitchen knife.  I pulled it out and said[,] A[W]hat
are you doing[?]  [G]et away.@  The Spanish guy then walked back[,] and we
went on our business.  This [is] all that
happened yesterday.

 

Appellant specifically contends that there is no
evidence apart from his extrajudicial statement to support the jury=s finding that he committed or attempted to commit theft as required
to support a robbery conviction.  As our
sister court in El Paso has explained,








The common law corpus delicti rule is that no
criminal conviction can be based on a defendant=s
extrajudicial confession unless the confession is corroborated by independent
evidence tending to establish the corpus delicti.  The corpus delicti of any crime simply
consists of the fact that the crime in question has been committed by someone.  . . . The rule does not require that the
independent evidence fully prove the corpus delicti, only that it tend to prove
the corpus delicti or render the corpus delicti more probable than it would be
without the evidence.

 

A person commits robbery if, in the course of
committing theft and with intent to obtain or maintain control of property, he
intentionally, knowingly, or recklessly causes bodily injury to another or he
intentionally or knowingly threatens or places another in fear of bodily injury
or death. . . . [T]he actual commission of the offense of theft is not a
prerequisite to the commission of the offense of robbery;  the gravamen of robbery is the assaultive
conduct and not the theft.  The phrase Ain
the course of committing theft@ within the robbery statute,
means conduct which occurs in an attempt to commit, during commission, or in
immediate flight after the attempt or commission of theft.  Thus, the state was not required to
conclusively show by independent evidence that a completed theft actually
occurred in order to establish the corpus delicti of robbery.  It was required only to adduce evidence,
other than appellant=s
confession, which tended to show that Branch was assaulted while the
perpetrators were in the course of committing or attempting to commit theft.[2]

 








In addition to Appellant=s statement, the evidence was as follows.  On the evening of February 14, 2004, Santiago
Herrera was employed by Family Dollar on East Rosedale in Tarrant County, Texas
as an associate.  He wore a black T-shirt
with the Family Dollar logo on it and a red Family Dollar employee badge in a
lanyard around his neck.  While he and
Gloria Robles, the store=s assistant
manager, were adding sensor tags to new merchandise, Herrera saw a tall, thin
black male and a black female leave the right-hand side of the store and begin
exiting the store.  The sweater section
was in that area.  The sweaters did not
have sensors on them.  While Herrera
testified that he did not see either Appellant or his female companion steal
anything, Herrera noticed that the man Aseemed to have C was overly,
like stuffed@ and was Apuffy@ in his
torso area.  What drew Herrera=s attention to the couple was the fact that the man Aappeared to have large amounts of something under his jacket.@

Robles testified that while
she and Herrera were tagging the merchandise, she saw a black male, who Akind of looked thin,@ walk out of the store and noticed that his stomach looked Away too big.@  He was lumpy, but he did not look fat.  Her first reaction upon seeing the man was to
tell Herrera that the man was taking something.

Neither the man nor the
female stopped at the cash register.  As
the man left the store, he did not face the door or the register, where Herrera
and Robles were.  Instead, he left Akind of at an angle as having his back towards [Herrera], but not
completely.@  Herrera tried to intercept the man before he
left the store but did not succeed.  The
sensor alarm at the exit, which was working properly that night, did not go off
when the couple left the store.  Herrera
followed the man outside.








Outside, Herrera approached
the man and stated, AI=m going to have to ask you to step back inside the store.@  The man turned toward Herrera
as he was speaking, pulled out a knife, pointed it at Herrera, and said, AWatch out.@  The female also spoke to the man at this
time.  Herrera felt threatened and was
afraid that the man was Aprobably
going to try to stab@ him, so he
stepped back a bit, turned around, and went back into the store.  The man and his female companion left.  Herrera reported the incident to the police
that night. 

Herrera was working again the
next day.  He saw the man on the sidewalk
outside the store, recognized him, and called the police.  The police arrived and restrained the man.  Herrera went outside and identified him.  He identified him again in a later
photographic lineup.  Finally, Herrera
identified the man, Appellant, a third time at trial.








Based on our review of the
additional evidence, we hold that it tends to prove the corpus delicti or
render the corpus delicti more probable than it would be without the evidence.[3]  Accordingly, based on the applicable
standards of review,[4]
we hold that the evidence is legally and factually sufficient to support
Appellant=s conviction
for aggravated robbery.  We overrule his
two points and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN,
and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 11, 2006

 

 











[1]See Tex. R.
App. P. 47.4.





[2]Purser v. State, 902 S.W.2d 641, 648 (Tex. App.CEl Paso 1995, pet. ref=d) (citations omitted), cert.
denied, 525 U.S. 838 (1998).





[3]See id.





[4]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim.
App. 2001); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999),
cert. denied, 529 U.S. 1131 (2000) (all providing legal sufficiency
standard of review); Zuniga v. State, 144 S.W.3d 477, 481-82, 484-87
(Tex. Crim. App. 2004); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)
(all providing factual sufficiency standard of review).